D. Andrew Bell, State Bar No. 017938
E-mail: Andrew.Bell@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Plaintiff Twin City Fire Insurance Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Twin City Fire Insurance Company<br><br>           Plaintiff,<br><br>     vs.<br><br>DanceIt! Studio, LLC an Arizona corporation; Alberto Valencia and Gabriela Valencia, husband and wife; John Does 1-10; Jane Does 1-10; ABC Partnership 1-10; ABC Corporations 1-10; Inclusive,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT** |

For its Complaint, Twin City Fire Insurance Company ("Twin City"), alleges as follows:

### GENERAL ALLEGATIONS

1.      Twin City is incorporated in Indiana with its principal place of business in Connecticut.  Twin City was and is licensed within the State of Arizona and is authorized by the Arizona Department of Insurance to conduct the business of insurance within this State.

2.      Dance It! Studio, LLC ("Dance It! ") is an Arizona limited liability company with its principal place of business in Tucson, Arizona.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.      Upon information and belief, Gabriela Valencia and Alberto Valencia (the "Valencias") are residents of Pima County, Arizona, and they are the owners of Dance It!. The articles of organization for Dance It! identifies Gabriela Valencia as the manager and Alberto Valencia as a 20% or more member.

4.      This action is brought pursuant to the provisions of 28 U.S.C. § 2201, in that a controversy exists concerning the parties to be decided by the Court as a declaratory judgment.

5.      A substantial part of the events giving rise to this lawsuit occurred within Arizona making venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

6.      The parties are of diverse citizenship, and jurisdiction is appropriate in this Court, pursuant to 28 U.S.C. § 1332.

7.      The amount in controversy exceeds $75,000.00 taking into account the probable cost of defending the *Perez* lawsuit discussed below, and the damages demanded by Andrea and Javier Perez in the lawsuit.

THE *PEREZ* LAWSUIT

8.      On or about December 1, 2021, Andrea and Javier Perez ("Perez plaintiffs") filed a lawsuit in Pima County Superior Court, case number C20215650, against Dance It! and the Valencias (the "*Perez* lawsuit"). A copy of the Complaint in the *Perez* lawsuit is attached as Exhibit 1.

9.      In their Complaint, the Perez plaintiffs allege that the Valencias own and operate a dance and fitness studio located at 1350 W. Irvington Rd., Suite 180 in Tucson, Arizona known as DanceIt! Studio, LLC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

10.    The Perez plaintiffs allege that DanceIt! offers dance fitness classes including Zuma, kickboxing, yoga and step aerobics.  The Perez plaintiffs allege that Andrea Perez was participating in a kickboxing class at the premises on December 19, 2019, and was using an individual trampoline that was placed directly on the wood-like flooring installed in the premises.

11.    The Perez plaintiffs allege that the instructor at DanceIt! told participants in the kickboxing class to jump onto an individual trampoline, perform an abdominal "crunch" exercise, and then jump off the trampoline and land on the floor.

12.    The Perez plaintiffs allege that as Andrea Perez was jumping on the trampoline, it slipped on the wood-like flooring causing her to fall from the trampoline backwards onto the floor.

13.    The Perez plaintiffs allege that as a result of the accident, the plaintiff suffered injuries to both of her wrists.

14.    In their Complaint, the Perez plaintiffs allege that Dance It! and the Valencias were negligent by failing to maintain their premises in a safe condition, and/or by failing to warn Andrea Perez of a dangerous condition that existed on the premises, and/or by failing to instruct, train and supervise instructors and students.

15.    The Perez plaintiffs allege that this negligence is the direct and proximate cause of the injuries to the wrists of Andrea Perez.

16.    Twin City has agreed to defend Dance It! and the Valencias in the *Perez* lawsuit pursuant to a reservation of rights, including the right to file this declaratory

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

judgment action seeking a declaration that Twin City does not owe any coverage for the *Perez* lawsuit under the policy (described below) issued to the Valencias.

<u>THE INSURANCE POLICY</u>

17.    Twin City issued an insurance policy to "Alberto & Gabriela Valencia," Policy Number 59 SBA BD3123 SC, effective November 2, 2019 through November 2, 2020 (the "Policy").

18.    The Policy has a "Liability and Medical Expenses" limit of $1,000,000.

19.    The Policy has a "Medical Expenses – Any one Person" limit of $10,000.

20.    The Policy does not identify Dance It! as a named insured or additional insured.

21.    The Policy affords Business Liability Coverage and Medical Expenses Coverage, subject to the terms, conditions and exclusions of the Policy.

22.    Various provisions in the Policy entirely preclude and otherwise limit coverage for Dance It! and the Valencias for the allegations in the *Perez* lawsuit.

23.    One such provision is "Exclusion – Trampoline and Gymnastic Rebounding Devices," form SS 50 02 09 01.

24.    This exclusion provides as follows:

> This endorsement modifies insurance provided under the following:
>
> BUSINESS LIABILITY COVERAGE FORM
>
> This insurance does not apply to "bodily injury" arising out of the:
>
> a.    ownership,
> b.    maintenance,
> c.    operation, or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

d.    use

of any trampoline or gymnastic rebounding device.

25.    Another such provision is "Exclusion – Class, Athletic or Sports Participants," form SS 50 54 09 01.

26.    This exclusion provides as follows:

This endorsement modifies insurance provided under the following:

BUSINESS LIABILITY COVERAGE FORM

This insurance does not apply to "bodily injury" to any person while practicing for or participating in:

1.  Any sports, physical education, gymnastics, martial arts or other athletic-related class or program of instruction; or

2.  Any sports, athletic contest, exhibition, recital or any similar activity.

27.    Both provisions referenced above preclude coverage for the *Perez* lawsuit in its entirety because Andrea Perez's bodily injury arose out of the use of a trampoline and it occurred while she was participating in an athletic-related class or program of instruction.

28.    Because of the operation of the above provisions, Twin City has no duty to defend Dance It! and the Valencias in the *Perez* lawsuit.

29.    Because of the operation of the above provisions, Dance It! and the Valencias are not entitled to indemnity from Twin City under the Policy for any settlement or judgment in the *Perez* lawsuit.

30.     The Policy also contains an exclusion applicable to Medical Expenses

coverage . Specifically, the Policy provides as follows in Section B(2)(e) of the Business

Liability Coverage Form:

> **2.  Applicable To Medical Expenses Coverage**
> We will not pay expenses for "bodily injury":
>
> .   .   .
>
> **e.  Athletic Activities**
> To a person injured while practicing, instructing or
> participating in any physical exercises or games, sports
> or athletic contests."

31.     This exclusion precludes Medical Expense coverage for the *Perez* lawsuit

because Andrea Perez's bodily injury occurred while she was participating in a physical

exercises.

32.     There is also no coverage for DanceIt! because the Policy does not identify

Dance It! as a named insured or additional insured.  Even if DanceIt! qualifies as an

insured under the Policy (which it does not), the exclusions cited above preclude coverage

for DanceIt! with respect to the *Perez* lawsuit.

<u>PRAYER FOR RELIEF</u>

Twin City requests that the Court enter judgment in its favor:

1.      Declaring that Twin City has no duty to defend Dance It! and the Valencias

in the *Perez* lawsuit;

2.      Declaring that Dance It! and the Valencias are not entitled to indemnity from

Twin City under the Policy for any settlement or judgment in the *Perez* lawsuit;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.    Awarding Twin City its attorneys' fees and costs incurred in defending the *Perez* lawsuit;

4.    Awarding Twin City its attorneys' fees and costs incurred in this lawsuit pursuant to A.R.S. § 12-341.01 and any other applicable authority; and

5.    For any other relief the Court deems appropriate.

DATED this 19th day of October, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ D. Andrew Bell*
        D. Andrew Bell
        *Attorneys for Plaintiff Twin City Fire Insurance Company*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 1

# EXHIBIT 1

FILED
Gary Harrison
CLERK, SUPERIOR COURT

12/1/2021 1:40:20 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20215650
HON. JEFFREY L SKLAR

1  Marc D. Bleaman, State Bar Number 016378
   Elizabeth L. Warner, State Bar Number 023039
2  **BLEAMAN LAW FIRM, P.C.**
   3507 N. Campbell Ave. Suite 111
3  Tucson, AZ 85719
   Telephone: (520) 323-1808
4  Facsimile: (520) 323-0463
   mbleaman@bleamanlawfirm.com
5  ewarner@bleamanlawfirm.com
   Attorneys for Plaintiffs

6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8               IN AND FOR THE COUNTY OF PIMA

9

10  ANDREA LARA PEREZ and JAVIER) No.
    PEREZ, wife and husband;            )
11                                       )  **COMPLAINT**
            Plaintiffs,                  )
12                                       )
                                         )
13  vs.                                  )
                                         )
14  DANCEIT! STUDIO, LLC, an Arizona)
    corporation; ALBERTO VALENCIA and)
15  GABRIELA VALENCIA, husband and wife;)
    JOHN DOES 1-10; JANE DOES 1-10; ABC)
16  PARTNERSHIPS      1-10;      XYZ)
    CORPORATIONS 1-10; Inclusive,       )
17                                       )
                                         )
18          Defendants.                  )
    _____)
19

20      Plaintiffs Andrea Lara Perez and Javier Perez, by and though undersigned counsel,

21  for their claims against Defendants DanceIt! Studio, LLC, Alberto Valencia, and Gabriela

22  Valencia, state and allege as follows:

23      1.    Venue and jurisdiction are proper.

24      2.    At all times relevant to this action, Plaintiffs Andrea Lara Perez and Javier

25  Perez were wife and husband residing in Pima County, Arizona.

26

BLEAMAN
LAW FIRM, P.C.

3.     Defendant DanceIt! Studio LLC is an Arizona corporation authorized to do business in Pima County, Arizona.

4.     Upon information and belief, at all times relevant to this action, Defendants Alberto Valencia and Gabriela Valencia were husband and wife and residing in Pima County, Arizona.

5.     Defendants John Does and Jane Does 1-10 are individuals or married couples whose identities are presently unknown to Plaintiffs and who committed some or all of the acts complained of herein.  Leave of court is sought to Amend the Complaint to include the correct names as may be required and as identified.

6.     Defendants ABC Partnerships 1-10 and/or XYZ Corporations 1-10 are Arizona or foreign corporations and/or general or limited partnerships whose identities are presently unknown to Plaintiff, and who committed some or all of the acts complained of herein.  Leave of court is sought to Amend the Complaint to include the correct names as may be required and as identified.

7.     All relevant events took place in Pima County, Arizona.

8.     Defendant Alberto Valencia and Gabriela Valencia own and operate a dance and fitness studio located at 1350 W. Irvington Rd, Suite 180 in Tucson, Arizona known as DanceIt! Studio LLC (the "Premises").

9.     DanceIt! Studio LLC offers dance fitness classes including Zuma, kickboxing, "Step and Tone," "MixxedFit," yoga, and step aerobics.

10.     Upon information and belief, in September/October 2019, Defendants Alberto

2

BLEAMAN
LAW FIRM, P.C.

Valencia and Gabriela Valencia had wood-like flooring installed in the Premises after the Premises flooded and the old flooring was damaged.

11.    On December 19, 2019, Plaintiff Andrea Lara Perez participated in a kickboxing class at the Premises.

12.    As part of class programming, participants used individual trampolines that were placed directly on the wood-like flooring.

13.    During the class, the instructor told participants to jump onto a trampoline, perform an abdominal "crunch" exercise, then jump off the trampoline and land on the floor.

14.    As Plaintiff Andrea Lara Perez was jumping, the trampoline slipped on the wood-like flooring, flew out from underneath her, and she fell backwards onto the floor.

15.    Plaintiff Andrea Lara Perez landed on and fractured both her right and left wrists.

16.    Plaintiff Andrea Lara Perez sustained severe, permanent injuries to her wrists.

17.    Defendants breached their duty to Plaintiff Andrea Lara Perez by failing to properly maintain the Premises in a safe condition, and/or by failing to warn Plaintiff Andrea Lara Perez of a dangerous condition that existed on the Premises, and/or failing to properly instruct, train and supervise instructors and students.

18.    Defendants knew or should have known that the wood-like flooring surface was an unreasonably dangerous condition and presented a substantial risk of harm to participants jumping on trampolines during classes offered by Defendant DanceIt! Studio LLC.

3

BLEAMAN
LAW FIRM, P.C.

19.    Defendants knew or should have known that without skid protection and/or other barriers to prevent objects on the wood-like flooring from sliding, the flooring constituted a dangerous condition placing participants at a substantial risk of harm of falling when objects slid on the flooring surface.

20.    Defendants were responsible for ensuring that reasonable periodic inspections were conducted of the Premises to identify dangerous conditions and/or hazards on the Premises and correct or remove any dangerous conditions and/or hazards from the Premises in a prompt manner and failed to do so.

21.    Defendants breached the standard of care by allowing a dangerous condition to exist on the Premises and/or failing to warn of the dangerous condition.

22.    As a direct and proximate result of the negligence of Defendants, Plaintiff Andrea Lara Perez sustained serious injuries requiring medical and health care, past and future, in an amount within the jurisdiction of this court to be proven at trial.

23.    As a direct and proximate result of the negligence of Defendants and the above-mentioned injures, Plaintiff Andrea Lara Perez incurred and continues to incur pain and suffering, present, past, and future, in an amount within the jurisdiction of this court to be proven at trial.

24.    As a direct and proximate result of the negligence of Defendants, Plaintiff Andrea Lara Perez suffered and will suffer lost wages.

25.    As a direct and proximate result of the negligence of Defendants, Plaintiff Javier Perez suffered loss of consortium.

4

BLEAMAN
LAW FIRM, P.C.

26.     Pursuant to Ariz. R. Civ. P. 8(b)(2), Plaintiffs' damages are such as to qualify for Tier 2 as defined by Ariz. R. Civ. P. 26.2(b)(1).

WHEREFORE, Plaintiffs are entitled to judgment in their favor and against Defendant for the following relief:

1.     For a fair and reasonable amount to properly compensate Plaintiff Andrea Lara Perez for her past and future medical and health care expenses.

2.     For a fair and reasonable amount to properly compensate Plaintiff Andrea Lara Perez for her pain and suffering and emotional suffering, both past and future.

3.     For a fair and reasonable amount to properly compensate Plaintiff Andrea Lara Perez for her lost wages.

4.     For a fair and reasonable amount to properly compensate Plaintiff Javier Perez for his loss of consortium.

5.     For costs incurred.

6.     For such further and additional relief as the court deems proper under the circumstances.

DATED this 1st day of December, 2021.

**BLEAMAN LAW FIRM, P.C.**

By *Marc D. Bleaman /s/*
        Marc D. Bleaman
        Elizabeth L. Warner
        Attorneys for Plaintiff

5