**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Twin City Fire Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>DanceIt! Studio LLC, et al.,<br><br>Defendants. | No. CV-22-00489-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Defendant DanceIt! Studio LLC's Motion for Reconsideration. (Doc. 50.) The DanceIt! Defendants request that the Court reconsider its February 2, 2024 Order granting the Plaintiff's Motion for Summary Judgment. (Doc. 46.) The Court ordered Plaintiff Twin City Fire Insurance Company to file a Response, which it has done. (Doc. 56.) Having considered the parties' briefing, the Court will deny the Motion to Reconsider.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)."The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Here, the DanceIt! Defendants do not present new facts or legal authority warranting reconsideration of the summary judgment

order. They argue the same facts and legal authority, but request a different outcome.

Defendants ask the Court to reconsider its determination that the Trampoline Exclusion in the insurance policy is enforceable. (Doc. 50 at 1.) Defendants argue that the Trampoline Exclusion cannot be enforced because the "wrong policy" was issued. Defendants suggest that if Twin City had issued "the correct policy for an exercise studio," which the Valencias would have expected, the policy would not have excluded coverage for injuries from trampolines. (Doc. 50 at 2.) In support, the Defendants cite only one case, *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 394 (1984), in which the Arizona Supreme Court adopted the reasonable expectations doctrine.

The Court considered the applicability of the reasonable expectations doctrine in its Order granting summary judgment. The Court found a genuine issue of material fact exists as to the applicability of the doctrine to the policy's Bodily-Injury Exclusion and Exercise Exclusion. However, the Court found the Valencias had no reasonable expectation of coverage for trampoline injuries because the Valencias did not tell the agent that DanceIt! owned, maintained, used or expected to use, trampolines of any kind; did not tell the agent about any specific type of fitness class from which he might have reasonably inferred that trampolines or rebounding devices might be used; and there was no evidence regarding the regularity of the use of trampolines at the studio, when the studio first began using trampolines, or even if the studio was utilizing trampolines at the time the insurance policy was purchased. (Doc. 46 at 8.)

The Defendants' argument that they expected a "correct policy for an exercise studio" is just a reframing of their reasonable expectations argument.[1] The Court has found the Valencias failed to demonstrate a reasonable expectation of coverage for injuries resulting from the use of rebounding devices. Defendants' Motion for Reconsideration does not contain any additional facts to contribute to that analysis. Moreover, there is no evidence that a "correct policy" for an exercise studio would <u>not</u> include a trampoline

---

[1] The Court finds no legal support for the argument that the reasonable expectations doctrine allows for replacement of an entire insurance policy. The reasonable expectations doctrine relieves a party from "certain clauses" of an agreement, allowing an insured to receive coverage consistent with their insurance expectations. *Darner*, 682 P.2d at 399.

exclusion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 50) is **denied**.

Dated this 24th day of April, 2024.

Jennifer G. Zipps
United States District Judge